# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 20-2024V

| | |
|---|---|
| KRISTINE E. ZADRAZIL,<br><br>Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>Respondent. | Chief Special Master Corcoran<br><br>Filed: July 16, 2025 |

*Edward M. Kraus*, Kraus Law Group, LLC, Chicago, IL, for Petitioner.

*Madelyn Weeks*, U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION ON ATTORNEY'S FEES AND COSTS[1]

On December 29, 2020, Kristine E. Zadrazil filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that she suffered a Table shoulder injury related to vaccine administration as the result of an influenza vaccination received on October 26, 2018. Petition, ECF No. 1. On September 20, 2024, I issued a decision awarding compensation to Petitioner based on the Respondent's proffer. ECF No. 61.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $36,714.22 (representing $32,255.71 in fees and costs incurred by Petitioner's counsel of record, Edward Kraus, Esq., plus $4,458.51 in fees and costs incurred by Petitioner's former counsel, Peter M. Young, Esq.). Application for Attorneys' Fees and Costs ("Motion") filed January 28, 2025, ECF No. 67. Furthermore, counsel for Petitioner represents that Petitioner incurred no personal out-of-pocket expenses. ECF No. 67 at 1.

Respondent reacted to the motion on January 29, 2025, indicating that he is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case but deferring resolution of the amount to be awarded to my discretion. Motion at 2-5, ECF No. 68. Petitioner filed no reply thereafter.

I have reviewed the billing records submitted with Petitioner's request. Petitioner requests the hourly rate of $494.00 for 2025 work performed by attorney Amy Kraus, representing an increase of $34.00 from the previous year. In my experience, the request appears reasonable, and I find no cause to reduce the requested hours or rates. Furthermore, Petitioner has provided supporting documentation for all claimed costs. ECF No. 67 at 23-52 and ECF No. 16-4. Respondent offered no specific objection to the rates or amounts sought. I find the requested costs reasonable and hereby award them in full.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT Petitioner's Motion for attorney's fees and costs. **Petitioner is awarded attorney's fees and costs in the total amount of $36,714.22**[3] **as follows:**

- **A lump sum of $32,255.71, representing reimbursement for attorney's fees and costs, to be paid through an ACH deposit to Petitioner's counsel of record: Edward Kraus' IOLTA account for prompt disbursement; and**

- **A lump sum of $4,458.51, representing reimbursement for attorney's fees and costs to be paid through an ACH deposit to Petitioner's**

---

[3] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir.1991).

**former counsel: Peter M. Young's IOLTA account for prompt disbursement.**

In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this decision.[4]

**IT IS SO ORDERED.**

s/Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.